ordinary meaning which is commonly understood.

 Appellant also complains because the court failed to charge on temporary insanity contending that the issue was raised by the testimony. The court did instruct the jury: "* * * that only a person of sound memory and discretion can be held punishable for a crime, and that no act done in a state of insanity can be held punishable as an offense. * * * it must be clearly proven that at the time of committing the act, the party accused was laboring under such defect of reason from disease of mind, as not to know the nature or quality of the act he was doing; or if he did know, that he did not know he was doing wrong, that is, that he did not know the difference between the right and wrong as to the particular act charged against him. The insanity must have existed at the very time of the commission of the offense," etc. It occurs to us that the foregoing quoted instruction confined the jury in their consideration of appellant's mental condition to the very time of the commission of the offense. If the appellant was insane, whether temporary or permanent, to the extent that he did not know the difference between the right and the wrong as to the particular act charged against him, he was entitled to an acquittal under the court's instruction. There is no testimony which would authorize a charge on temporary insanity disassociated or disconnected with the general charge on insanity. We think that the court's charge was adequate and fully protected the appellant's rights.

Finding no reversible error in the record, the judgment of the trial court is affirmed.

PER CURIAM.

The foregoing opinion of the Commission of Appeals has been examined by the judges of the Court of Criminal Appeals and approved by the court.

On Motion for Rehearing.

HAWKINS, Judge.

Appellant insists that we are mistaken in concluding that appellant was intoxicated at the time of the collision which directed attention to appellant. A further consideration of the evidence does not lead us to believe we were in error. The evidence does not affirmatively show that any witness testified that appellant's "breath carried the odor of whisky" at the time of his arrest, and the statement to such effect in our original opinion is withdrawn. The car which appellant was alleged to have been driving bore the odor of whisky, some having been spilled in the car. The car is shown to have been driven by appellant, and when referred to as "his" car we had reference to that fact.

We are confirmed in our opinion that the jury was justified in finding that appellant was intoxicated.

The motion for rehearing is overruled.

## TIPTON v. STATE.

### No. 18475.

Court of Criminal Appeals of Texas.

June 10, 1936.

Jones & Kirkham and D. S. Purl, all of Corpus Christi, for appellant.

Lloyd W. Davidson, State's Atty., of Austin, for the State.

LATTIMORE, Judge.

Conviction for burglary; punishment, two years in the penitentiary.

We find in the record neither statement of facts nor bills of exception. All matters of procedure appearing regular, the judgment will be affirmed.